# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2171
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Ray Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 8, 2024
Filed: January 12, 2024
[Unpublished]
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Timothy Ray Smith began his term of supervised release on June 8, 2021, after he completed a 72-month sentence for being a felon in possession of a firearm. Approximately 16 months later, Smith began violating his supervised release conditions related to drug use. At the final revocation hearing, Smith admitted to drug usage—specifically the positive urinalysis and blood test results—and denied

all other allegations, including those related to his arrest arising from a car accident on December 30, 2022.

It is undisputed that Smith admitted to Grade C violations, which resulted in an advisory Sentencing Guidelines range of 8 to 14 months' imprisonment. The court began explaining its sentencing decision by focusing on Smith's drug use and then turned to discussing the allegations that Smith had neither admitted to nor that the government had proven. The court imposed a 24-month sentence, stating there must be "ramifications" for Smith's additional unadmitted and unproven conduct.

On appeal, Smith contends the district court improperly sentenced him based on unadmitted and unproven conduct. The government agrees that the district court plainly erred when it based its sentence on contested facts and requests that we vacate the sentence and remand for resentencing. We agree with the parties. See United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014) (explaining that a district court commits procedural error when it bases a sentence on unproven, disputed allegations). We vacate Smith's sentence and remand for resentencing.

_____